BLAU | KEANE LAW GROUP, P.C.
David S. Blau (Bar No. 166825)
Ron L. Nelson (Bar No. 130722)
128 Center Street
El Segundo, California 90245
(310) 410-1900 phone - (310) 410-1901 fax
david@blaulaw.net
ron@blaulaw.net

Attorneys for Plaintiff FINANCIAL PACIFIC INSURANCE COMPANY

| Michael W. Goodin (SBN 142288) | Daniel Pickett (pro hac vice) |
|---|---|
| mgoodin@clausen.com | Daniel.Pickett@kennedyslaw.com |
| CLAUSEN MILLER P.C. | KENNEDYS CMK, LLP |
| 17901 Von Karman Avenue, Suite 650 | 120 Mountain View Blvd. |
| Irvine, California 92614 | Basking Ridge, NJ 07920 |
| Telephone: (949) 260-3100 | Telephone (908) 848 1218 |
| Facsimile: (949) 260-3190 | Facsimile (908) 647 8390 |

Attorneys for Defendant/Counterclaimant
UNITED STATES FIRE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINANCIAL PACIFIC INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES FIRE INSURANCE COMPANY; AND DOES 1 through 10, inclusive,<br><br>　　　　Defendant/Counterclaimant.<br><br>AND RELATED CROSS-ACTIONS AND COUNTERCLAIMS | CASE NO. 2:19-CV-07938-PSG (AGRx)<br><br>**DISCOVERY MATTER**<br><br>**STIPULATION FOR ENTRY OF PROTECTIVE ORDER; PROTECTIVE ORDER**<br><br><span style="color:red">NOTE CHANGES MADE BY THE COURT</span> |

The parties hereto, Plaintiff FINANCIAL PACIFIC INSURANCE COMPANY ("FPIC") and Defendant and Counterclaimant UNITED STATES FIRE INSURANCE COMPANY ("USFIC"), by and through their respective counsel of record, hereby stipulate and agree that the subpoena issued by FPIC seeking production of documents by Ropers, Majeski Kohn & Bentley in this Action ("the Subpoena") and the parties' respective Requests for Production may require the disclosure of documents claimed to be protected by the attorney client privilege or the attorney work product doctrine, or that are otherwise subject to protection.

FPIC and USFIC therefore stipulate and agree to the entry of an order by the Court governing the use and disclosure of certain documents, and information included in those documents, produced in response to the Subpoena and in response to the parties' respective Requests for Production as follows:

1. The term "this Action" as used herein shall mean only the above-captioned action and no others.

2. Any document produced in response to the Subpoena or in response to the parties' respective Requests for Production in the course of this Action may be designated as "subject to protective order" or "CONFIDENTIAL" (hereinafter "confidential" or "CONFIDENTIAL") pursuant to the terms of this Stipulated Protective Order. "CONFIDENTIAL" information or material will mean all information or material that a party reasonably and in good faith believes to be protected by the attorney client privilege or the attorney work product doctrine, or that otherwise includes proprietary and/or confidential information.

3. All documents produced in response to the Subpoena or in response to the parties' respective Requests for Production in this Action designated "CONFIDENTIAL" shall be used solely for the purpose of this Action, and shall not be made available to persons other than those persons designated in Paragraph 4.

4. Any document produced by any party in this action that is identical to one marked "CONFIDENTIAL" will also be deemed "CONFIDENTIAL." In addition, the parties to this Action may mark any document "CONFIDENTIAL" produced in response to discovery requests based upon a reasonable and good faith belief that the document is protected by the attorney client privilege or the attorney work product doctrine, or that otherwise includes proprietary and/or confidential information.

5. Confidential documents shall only be disclosed to: (a) parties to this Action, the undersigned counsel for the parties hereto, their respective associates, clerks, legal assistants, stenographic personnel, and firms retained by counsel to provide litigation services and the employees of said firms, (b) the Court and its staff, (c) other employees of a party for the purpose of working directly on this litigation at the request or at the direction of counsel, (d) court reporters actually involved in transcribing depositions and proceedings in this Action, (e) expert witnesses and consultants retained by the parties, and (f) witnesses and/or deponents; however, witnesses and deponents shall execute a copy of this Order, indicating their agreement to be bound by its terms in the event that confidential information is disclosed to them in the course of their testimony or deposition, such witnesses and deponents shall not be entitled to maintain possession of confidential documents, and they shall return all such confidential information to counsel at the

conclusion of their testimony at deposition or trial, provided, however, that if a document is designated "attorney eyes only," that document may not be shown to any person other than outside counsel of record in this case.

6. Confidential information shall not be used by any of the parties, their employees, agents or counsel for any business purpose or for any personal purpose not directly related to the litigation of this Action and in conformance with the terms of this Stipulated Protective Order.

7. All documents designated as CONFIDENTIAL pursuant to the terms of this Stipulated Protective Order exchanged between counsel or produced pursuant to discovery shall be designated by the producing party as "CONFIDENTIAL" by marking them as "SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" on the face of the document.

8. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the producing party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

9. Prior to or during the rendering of testimony, in deposition, which a party reasonably believes may contain CONFIDENTIAL information as described above, the party asserting confidentiality may designate that testimony or a portion thereof as CONFIDENTIAL. The original, and all copies, of any deposition or portion thereof taken herein and designated as CONFIDENTIAL shall be so designated by the deposition or

court reporter. The deposition or court reporter shall provide copies of such transcripts only to the Court, deponents, and the attorneys for the parties hereto. If the deposition transcript or any portion thereof is lodged or otherwise provided to the arbitrator, the transcript will be subject to the provisions of this Order.

10. Nothing in this Order shall prohibit a party from seeking additional, modified, or further protection of CONFIDENTIAL information or documents during or before the trial of this Action by motion or stipulation among all the parties with a proposed order. Nothing in this Order shall prohibit a party from challenging the CONFIDENTIAL designation of information or documents by motion to the Court consistent with the scheduling order. Any use of documents subject to this Protective Order at trial shall be governed by the orders of the trial judge. This Order does not govern the use of documents subject to this Protective Order at trial.

11. Pleadings, motions, or other documents to be filed with the Court in this action that contain or annex CONFIDENTIAL designated information or documents must be filed with an application to file under seal, in a manner consistent with United States District Court Local Rules, or other applicable authority. The authority for the filing under seal shall appear on the title page of the proposed filing.

12. This Order and the agreements embodied herein shall survive the termination of this Action and continue in full force and/or effect thereafter.

13. The provisions of this Stipulation and Order are intended solely to facilitate the preparation and trial of this Action, and shall not be construed in any way as an admission or agreement by any party that any document, or any information contained therein, does

or does not constitute CONFIDENTIAL information.

14. Nothing herein contained shall be deemed to preclude any party to this Action from objecting to any discovery requested in this action on any proper ground or withholding production on any proper ground, or from applying to the Court for a modification of this Order, or for additional protection for specific materials or information sought during the course of discovery in this Action.

15. Violation of this order could subject the violator to contempt and/or other legal proceedings by this court.

16. At the conclusion of this action, either by way of settlement or final judgment, all information and materials designated CONFIDENTIAL shall be returned to the producing party or destroyed by the receiving party and no copies shall be maintained.

IT IS SO STIPULATED:

DATED: April 8, 2020            BLAU | KEANE LAW GROUP, P.C.,

By: */s/ David Blau*
     David S. Blau, Esq.
     Ron Nelson, Esq.
     Attorneys for Plaintiff
     FINANCIAL PACIFIC
     INSURANCE COMPANY

////

DATED: April 8, 2020                          CLAUSEN MILLER P.C.

                                              By:  */s/ Michael Goodin*
                                                   Michael W. Goodin, Esq.
                                                   Attorneys for Defendant and
                                                   Counterclaimant
                                                   UNITED STATES FIRE
                                                   INSURANCE COMPANY

Good cause appearing, the Court hereby approves this stipulation, and

    IT IS SO ORDERED.

Dated: April 9, 2020                          _____
                                              Hon. Alicia G. Rosenberg
                                              United States Magistrate Judge